(No. 18984.—)

The Department of Public Works and Buildings, Appellee, vs. Elizabeth Epperson et al. Appellants.

*Opinion filed December 20, 1928—Rehearing denied Feb. 6, 1929.*

William T. Hollenbeck, and S. M. Scholfield, (John J. Arney, of counsel,) for appellants.

Oscar E. Carlstrom, Attorney General, M. E. Cox, and J. C. Eagleton, (Valmore Parker, and Harlington Wood, of counsel,) for appellee.

Mr. Justice Farmer delivered the opinion of the court:

This is an appeal from a judgment of the county court of Clark county condemning a right of way through a small section of that county for a hard-surfaced road. The petition for condemnation was filed by the Department of Public Works and Buildings and a considerable number of land owners were made defendants. The defendants traversed the petition and contended that the Department of Public

Works was seeking to exceed its authority in changing the location of the hard-surfaced road, which is Route 49, the southern terminus of which is Willow Hill, in Jasper county, and the northern terminus Chicago. The route is described in the $100,000,000 Bond Issue act of the General Assembly, providing for hard roads, as beginning at Willow Hill and extending in a northeasterly direction to the southern limits of Chicago, affording, among other intervening communities between these termini, reasonable connections with each other of Casey, Westfield, Kansas, and other cities and villages mentioned. The road is being constructed in sections, and has been constructed northward from Casey, in Clark county, a distance of about eight and one-half miles. At that point it varies slightly from the previously traveled highway, and instead of running through the main street of the village of Westfield it runs through the eastern part of the village, near its limits. The court held the department had the power and authority to make the changes for which it sought to condemn land, impaneled a jury, who heard the evidence offered by the respective parties as to just compensation and damages to the owners of the land, visited the land sought to be condemned and returned their verdict, assessing to each of the owners, respectively, the value of the land taken and compensation for damages to land not taken.

It is stated, but not argued, by appellants that the damages awarded for land taken, and for damages, is insufficient. Six tracts of land were condemned, aggregating approximately 14.29 acres. The damages and compensation awarded to the owners and tenants amounted to approximately $2200.

The principal contention of appellants is that the change from the traveled road through Westfield and on northwardly to connect with Route 16 was not a minor change.

The act of the legislature commonly known as the Hard Road act provides for the construction by the State of a sys-

tem of durable, hard-surfaced roads upon the public highways of the State described in the act, "as near as may be." Section 9 of the act provides the location of the route shall be substantially as described, "so as to connect, with each other, in substantially the manner hereinafter described in this section the different communities and the principal cities of the State." The section further provides that the Department of Public Works and Buildings shall have the right to make such minor changes in the location of the routes as may become necessary in order to carry out the provisions of the act. In *MacGregor* v. *Miller,* 324 Ill. 113, the court said: "The act fixes the routes upon which the roads are to be constructed in a general way by naming the termini, which are in some cases hundreds of miles apart with no direct highway leading from one to the other, and in other cases several highways leading from one to the other, with many public highways intervening, and the power is delegated to the Department of Public Works and Buildings to determine, with the approval of the Governor, the exact highway between the termini upon which the road is to be constructed. (*Mitchell* v. *Lowden,* 288 Ill. 327.) By the act in question such determinations are made final."

In *People* v. *Department of Public Works,* 320 Ill. 117, the court said: "The fact that the act expressly authorizes the commission to make minor changes in the location and to secure by purchase or condemnation rights of way for such changes, plainly shows the department was not intended to be restricted to the exact location of the existing highways in building a hard-surfaced road. Many of the highways of the State existing at the time of the passage of the act had been opened for travel for many years. It is said the Springfield-Beardstown road has been traveled more than fifty years. At the time many of the highways were opened up it is well known no great pains or care was taken in selecting the location, and when the legislature authorized the State to build durable, hard-surfaced roads it clearly

intended that where any reason existed for making minor changes in the location the power to make them was conferred on the department." The changes in the route made by the department in that case were quite as great as they are in this case, but the court sustained the route selected by the department.

In *Stratton* v. *Henkel Construction Co.* 320 Ill. 526, the litigation arose out of a change of the route, and it was contended that the Department of Public Works was without authority to make the change. The court said: "We think that the Department of Public Works and Buildings has exercised a sound discretion and judgment in its final selection of this route and because it distinctly appears that the route as finally located will accommodate more people; that the communities it connects are 'intervening communities' within the meaning of the act; that the final location will cost the State much less money than the first route selected; that it will cost the traveling public less in expense of operation while traveling over the road, and that the route is a safer one to travelers thereon. We think, considering all the facts aforesaid, the re-location is such a one as the Department of Public Works and Buildings had power and jurisdiction to make."

In some or all of the cases above cited the changes made in the location were as great or greater than in the instant case. The question is whether the department acted arbitrarily in making the new location or whether it was authorized by the act to do so. There is no question that the new location will accommodate travel over the road and connect "intervening communities," as required by the act. The real contention of appellants is that the change was not a minor change within the meaning of the statute and that the department arbitrarily exceeded its powers. The changes made by the new location are embraced within the terms of the statute as minor changes. It might be desirable to the inhabitants of the village of Westfield to have

the road constructed through the center of the village, but it is not incumbent upon the department to do so if there are reasons existing why that should not be done.

Upon the question of the convenience of the old road and of the new location the testimony was in conflict. The engineer of appellee testified the new location was cheaper, or at least no more expensive, than the old road; that the new location avoided right-angle turns and other dangers, and that the new location was more desirable for the public travel. Farmers and land owners testified to the contrary. We cannot conceive that appellee would deliberately select a route which was more expensive and dangerous to public travel, and are not satisfied by the evidence that they did so in this case. The changes in the location were within the power and authority of the department. The awards made to the land owners were well within the range of the evidence, and the awards cannot be set aside because not supported by the testimony.

Complaint is made by appellants of the denial by the court of a motion by them for separate trials, but in the brief it is only insisted the court should have allowed one of the land owners a separate trial. Three of the land owners did not join in the appeal but they joined in the assignment of errors. In appellants' brief they say the motion for separate trials should have been allowed to some of the land owners, "namely, Robert Endsley, one of the defendants, should have been given a separate trial." The rule is that where errors are assigned jointly they must be good as to all or they will not be good as to any of the persons assigning errors. *Hawkins* v. *County of Lake,* 303 Ill. 624.

Some other objections are made, but in our opinion they are not of a character to require separate discussion.

No error in the proceedings appears which would justify a reversal of the judgment, and it is accordingly affirmed.

*Judgment affirmed.*