(No. 19439.—

F. GUY HITT *et al.* Appellants, *vs.* THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS *et al.* Appellees.

*Opinion filed October 19, 1929.*

TERRY, GUELTIG & POWELL, for appellants.

OSCAR E. CARLSTROM, Attorney General, (B. L. CATRON, of counsel,) for appellees.

Mr. Justice DeYoung delivered the opinion of the court:

F. Guy Hitt, George P. Baggott, Cecil D. Dawson, Max F. Kohlsdorf, Bernard Wright, M. H. Detweiler and Paul Holzman, residents and tax-payers of Franklin county, filed their bill of complaint in the circuit court of Sangamon county to enjoin the Department of Public Works and Buildings, its director and the State superintendent of highways, from letting a contract for the construction of a hard-surfaced road from Zeigler, in Franklin county, to Herrin, in Williamson county, on Route 148 of the State-wide system as located by the department. The defendants filed their joint and several answer to the bill, and after a hearing the court dismissed the bill for want of equity. From that decree the complainants prosecute this appeal.

It is alleged in the bill that the Department of Public Works and Buildings made a survey and located Route 148 from Zeigler east for two and one-quarter miles over Route 149, crossing the Big Muddy river a short distance southwest of Plumfield, and thence south, southwesterly and south to Herrin; that appellants and others, upon the assurance of the department that the route would be so located, undertook to acquire the right of way therefor; that they afterwards learned that the department had surveyed a new location for Route 148 extending from Zeigler in a southerly and southeasterly direction to Herrin; that this location of the route will require, over the route originally surveyed, the acquisition of the right of way for a greater distance, the filling and grading of the way through low and swampy land and the building of a bridge over the Big Muddy river, all substantially increasing the cost of constructing the road; that the route first selected runs through a mining and agricultural district and will afford improved facilities for travel to many persons, while the route later surveyed traverses a sparsely settled district,

connects with no roads leading to trading centers and will increase the distance by highway between Herrin and West Frankfort. The appellees in their answer admitted that the department had located Route 148 between Zeigler and Herrin according to the later survey and they set forth the grounds upon which they relied to justify the department's action. The other material allegations of the bill were denied.

Section 9 of the act entitled "An act in relation to the construction by the State of Illinois, of durable hard-surfaced roads upon public highways of the State along designated routes, and the provision of means for the payment of the cost thereof by an issue of bonds of the State of Illinois," approved June 29, 1923, (Laws of 1923, p. 512; Cahill's Stat. 1927, p. 2201; Smith's Stat. 1927, p. 2410), fixes the general location of the routes upon which the proposed roads are to be constructed. Route 148 is defined: "Beginning at Mt. Vernon and extending in a southerly direction to an intersection with Route No. 13 south of Herrin affording Mt. Vernon, Waltonville, Sesser, Christopher, Herrin and the intervening communities reasonable connections with each other." Route 149 is defined: "Beginning at Thompsonville and extending in a southwesterly direction to Hurst, affording Thompsonville, Royalton, Hurst and the intervening communities reasonable connections with each other." Waltonville lies about twelve miles southwest of Mt. Vernon. From Waltonville Route 148 extends south approximately twenty-seven miles to Herrin. Zeigler lies between Christopher and Herrin and is about six and one-half miles north of the latter city. Between Zeigler and Herrin and almost equi-distant from them is Weaver. Plumfield lies two and one-half, West Frankfort six and one-half, and Thompsonville fifteen miles east of Zeigler. Freeman is about two miles south and somewhat to the east of Plumfield. Royalton is situated about six miles southwest of Zeigler. Bush and Hurst are three

and four miles respectively south-southwest of Royalton. Blairsville lies about five miles west and one mile north of Herrin. The Big Muddy river flows in a southerly direction west of Plumfield and thence generally west, south, northwesterly and southwesterly passing the villages of Weaver, Bush, Hurst and Blairsville in its course. The distance from Plumfield to Blairsville over highways is about twelve miles, but there is no bridge across the river between these points. Zeigler has a population of approximately 6000; West Frankfort, 18,000; Plumfield, Freeman and vicinity, 1000; Weaver, 300; Royalton, 3000; Bush, 2000; Hurst, 1500; Herrin, 15,000; and Blairsville, 300.

The evidence adduced by the appellants tends to show that the route as located by the department between Zeigler and Herrin will necessitate the acquisition of the right of way for a considerable distance; that the route traverses much low ground not suitable for agricultural development; that south of Zeigler the road will cross a fissure in the earth two or three feet wide caused by the subsidence of a mine underneath; that the Big Muddy river is subject to overflow and at such times water marks appear on the trees at a height of ten feet and the river extends its width to three-fourths of a mile; that these conditions will require the building of a bridge with a long span and much filling, and that the route passes through a sparsely settled district and intersects no roads between Zeigler and the river. Appellants' evidence further tends to show that the route originally surveyed possesses advantages over the route selected by the department; that these advantages are that the former passes over the main highway from Plumfield to Herrin; that it is higher and will require less filling and grading; that it traverses more thickly settled territory and intersects traveled roads; that two coal mines employing about 1400 men are located near this route, and that about one mile of the highway from Her-

rin north has been premanently improved and to that extent will lessen the cost of constructing the proposed road.

The evidence introduced by the appellees tends to show that the streams and bottom lands encountered on the two routes are practically the same; that the route extending northeast from Herrin to Plumfield crosses the branch lines of the Illinois Central and Chicago, Burlington and Quincy railroads at grade; that many trains to and from the mines situated to the east are operated over these lines, while the route extending in a northwesterly direction from Herrin through Weaver to Zeigler avoids these railroads; that the route demanded by the appellants runs over Route 149 for two and one-quarter miles from Zeigler east while the other route avoids the congestion of traffic which would result from such a combination; that the route selected by the department affords direct connections between Zeigler and Herrin and is one and four-tenths miles shorter than the route preferred by the appellants; that the estimated cost of constructing the road on the latter route, including the part of Route 149 from Zeigler east, is $309,000, while the cost of constructing the road over the route as located by the department, including the bridge over the Big Muddy river, is $297,000, and that the estimated annual saving in the operation of traffic over the latter route is $25,500.

It further appeared from appellees' evidence that the Big Muddy river must be crossed on either route; that since no bridge crosses that river between Plumfield and Blairsville, all traffic between points north and west and points south of the river must proceed by way of one or the other of these villages to reach its destination; that the location of Route 148 was determined only after surveys and reports on both lines had been made and considered by the engineers and officers of the Department of Public Works and Buildings, and that in arriving at their decision, they not only took into consideration the communities on the direct line of the route, but also the cities and vil-

lages to the east and west of that line and its connections with other routes in the vicinity.

It is manifest that the route selected by the Department of Public Works and Buildings between Zeigler and Herrin is more direct and necessarily shorter than the one proposed by the appellants. The former avoids two railroad crossings at grade, as well as the congestion of traffic which will result from combining Routes 148 and 149 from Zeigler to Plumfield. The route as located will substantially reduce the cost of operating vehicles between Herrin and Zeigler; and a bridge on that route across the Big Muddy river near Weaver will shorten considerably the distance between Herrin and points north and west of that river. Safety, economy and convenience in the operation of traffic are factors to be considered in the selection of the route for a durable hard-surfaced road of the State highway system. *Stratton* v. *Henkel Construction Co.* 320 Ill. 526; *People* v. *Department of Public Works and Buildings,* 326 id. 589; *People* v. *Department of Public Works and Buildings,* 320 id. 117.

Appellants argue that the route as located by the department does not run over existing highways to the same extent as does the route which they propose and that the former will require the acquisition of the necessary right of way, either by voluntary purchase or by condemnation, for a considerably greater distance than does the latter. The construction of durable hard-surfaced roads is not confined to existing public highways for the Department of Public Works and Buildings is empowered by section 9 of the first State-wide system of hard-surfaced roads act, approved June 22, 1917, (Cahill's Stat. 1927, pp. 2196, 2197; Smith's Stat. 1927, p. 2405), and by the same section of the second act, approved June 29, 1923, (Cahill's Stat. 1927, p. 2202; Smith's Stat. 1927, p. 2411), to make such minor changes in the location of a route as may be necessary to carry out the provisions of those acts. (*Wiley* v. *Depart-*

*ment of Public Works and Buildings,* 330 Ill. 312; *People v. Department of Public Works and Buildings,* 326 id. 589). Some discretion must necessarily be vested in the agencies to which the consummation of a plan so extensive as the construction of a State-wide system of durable hard-surfaced roads is committed. (*Department of Public Works and Buildings* v. *Spanogle,* 327 Ill. 122). Manifestly, arbitrary action in determining the location of the route for such a road may be restrained. The evidence in the present case discloses no such action.

The primary interest to be considered in determining the location of a hard-surfaced road of the State-wide system is the interest, not of the particular locality in which the road is to be built, but of the State at large. (*MacGregor* v. *Miller,* 324 Ill. 113; *People* v. *Department of Public Works and Buildings,* 326 id. 589; *Department of Public Works and Buildings* v. *McCaughey,* 332 id. 416; *Wiley* v. *Department of Public Works and Buildings,* 330 id. 312). Route 37, as defined by section 9 of the first act, approved June 22, 1917, extends in a southerly direction from Mt. Vernon, through Benton to Marion. A straight line drawn through these three cities will pass through West Frankfort. Christopher, located on Route 148 is more than seven miles west of Benton, through which Route 37 passes. If the location of Route 148 should be diverted east at Zeigler to a point near Plumfield and thence south, as appellants demand, Routes 37 and 148 would run within four miles of each other from Plumfield to Herrin while the territory south of Zeigler and west of the Big Muddy river would remain practically inaccessible. It cannot be presumed that such a result was in the contemplation of the General Assembly when, by section 9 of the act of June 29, 1923, it defined the general location of Route 148.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*