A. C. Bollinger, Appellee, v. Commercial State Bank et al., Appellants.

Opinion filed June 9, 1932.

WEIHL & WEIHL and P. K. JOHNSON, for appellants.

FARMER & KLINGEL, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

J. F. Burckhardt was the owner of a certificate for four shares of the capital stock of Commercial State

Bank which he sold, indorsed and delivered to appellee. Appellee requested the officers of the bank to transfer the stock to him upon the books of the corporation and they refused to do so. He then filed a petition for mandamus against the bank, its officers and directors, to compel them to transfer the stock upon the books and to issue a new certificate. The directors demurred to the petition, the demurrer was overruled and they elected to stand by their demurrer. The bank, its president and cashier filed four pleas and later withdrew the first two. A demurrer was sustained to the fourth and they stood by that plea. The case was tried before the court without a jury upon the issue raised by the third plea which was to the effect that appellee did not deliver and return the certificate to the bank to be transferred and canceled and to have a new certificate issued.

The court found the issues in favor of appellee and awarded a writ of mandamus. The bank and one of its directors did not appeal. All of those who appealed have assigned errors jointly. Where parties join in assigning errors the errors must be good as to all appellants or they will not be good as to any, and if the errors complained of do not affect all of the appellants the assignments of such errors must be several and not joint. *Hawkins v. County of Lake,* 303 Ill. 624; *Department of Public Works & Buildings v. Epperson,* 333 Ill. 313.

The president and cashier pleaded to the petition and are not legally interested in the question as to whether the court erred in overruling the demurrer of other parties to the petition. Such other parties are not legally interested in the question as to whether the court erred in sustaining the demurrer to the fourth plea which was a plea by the bank, its president and cashier. Those alleged errors are not properly assigned. We have considered them, however, and in our opinion they are without merit.

It is argued that the evidence is insufficient to support the judgment. It clearly appears that after the certificate was indorsed and delivered to appellee, he told the president and cashier of the bank that he had it and that he wanted it transferred on the books and a new certificate issued. They informed him that Mr. Burckhardt had signed a certain contract with other stockholders and they would not comply with his request. Under the circumstances it was unnecessary to make a formal tender of the certificate and a further demand. It is apparent that such action would have been useless. The refusal of the officers to make the transfer was not based upon the lack of a formal tender or demand and their attitude clearly indicated that the refusal was based upon an entirely different ground. We find no reversible error and the judgment is affirmed.

*Affirmed.*