### C. E. Joyner, Trustee for Estate of W. L. A. Wiedemann, Deceased, Defendant in Error, v. George W. Mitchell et al., Plaintiffs in Error.

Opinion filed September 19, 1932.

H. R. LIGHTFOOT, for plaintiffs in error.

KANE & SCOTT, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Defendant in error filed a bill to foreclose a real estate mortgage. The mortgage covered premises upon which there was a house and a machine shop. Plaintiffs in error filed an answer in which they averred that the mortgage did not cover certain articles in the machine shop. The articles in question are as follows: One lathe of the weight of about 2,000 pounds; another of the weight of 6,000 pounds, and another of about 400 pounds; a milling machine, 4,900 pounds; a drill press, 2,500 pounds; a planer, 6,000 pounds; an air compressor, 1,500 pounds; a hydraulic press, 5,000 pounds; a shaper, 800 pounds. The court heard the evidence and entered a decree finding that all of the articles aforesaid were fixtures and were covered by the mortgage.

Plaintiff in error, H. E. Mitchell, was not a party to the mortgage and claimed to own all of the machinery aforesaid by virtue of a bill of sale from his brother George W. Mitchell, a plaintiff in error. George W.

Mitchell and his wife, Lillian Mitchell, executed the real estate mortgage and they, together with H. E. Mitchell, sued out this writ of error and have assigned errors jointly.

Where errors are assigned jointly they must be good as to all those joining in the assignment or they will not be good as to any of the persons assigning errors. *Department of Public Works and Buildings v. Epperson,* 333 Ill. 313. Lillian Mitchell is in no way interested in the errors assigned, and George W. Mitchell has no interest other than the fact that he executed to his brother a bill of sale for the machinery in question. In that situation we might very well decline to consider the errors assigned.

However, we have carefully considered the question as to whether the machinery is covered by the mortgage. The machinery is in no way fastened to the floor of the building. It is attached to beams in the roof of the building by means of belts, pulleys and shafts. No useful purpose would be served in discussing the matter in detail. The mortgage in question was executed in 1925. The building used as a machine shop had been used for several years for that purpose prior to the execution of the mortgage and was so used at the time of the trial. It was fitted up as a machine shop and so far as the evidence shows it contained all of the machinery in question which was used in the operation of the shop.

If machinery is intended for permanent use in carrying on the business for which the building was erected or is used, and as a permanent accession to the realty, it becomes a part of the realty on being installed thereon, and if such was the intention, it is immaterial that the machines may be removed and used elsewhere, and that they may be removed without injury to the building. This rule has special application to heavy machinery intended for the building

and not intended to be moved from place to place, though resting in position by its own weight, and to machinery which is a constituent part of a factory or shop and indispensable thereto, though not actually fastened. 11.R. C. L. 1086; 26 C. J. 661; *Planter's Bank v. Lummus Cotton Gin Co.*, 132 S. C. 16, 128 S. E. 876.

That doctrine is recognized by the courts of this State in a very large measure. *Fifield v. Farmers' Nat. Bank*, 148 Ill. 163; *Owings v. Estes*, 256 Ill. 553; *Otis v. May*, 30 Ill. App. 581; *Calumet Iron & Steel Co. v. Lathrop*, 36 Ill. App. 249.

The undisputed evidence shows that the machinery in question was placed in this building more than 20 years ago with the intention that the machinery and the building should be permanently used and operated as a machine shop and it has been so used for all of that time. Under the law and the evidence the machinery is included in the mortgage and the decree is affirmed.

*Affirmed.*