DUAL TEMP INSTALLATIONS, INC., Plaintiff, *v.* CHICAGO TITLE AND TRUST COMPANY *et al.,* Defendants.—MIDWEST UTILITY COMPANY, INC., Plaintiff, *v.* CROSBY PROPERTY, INC., *et al.,* Defendants.—(SMECO INDUSTRIES, INC., Intervening Petitioner-Appellee, Cross-Appellant, *v.* CHICAGO TITLE AND TRUST COMPANY, Trustee, *et al.,* Defendants-Appellants, Cross-Appellees.)

First District (5th Division) No. 61888

Opinion filed August 13, 1976.

McDermott, Will & Emery, of Chicago (James E. Betke, of counsel), for appellants.

Arvey, Hodes, Costello & Burman, of Chicago (John W. Costello and Ralph A. Mantynband, of counsel), for appellee.

Mr. JUSTICE BARRETT delivered the opinion of the court:

This is an appeal from an order of the circuit court which granted a mechanic's lien on certain real estate in Cook County, Illinois to Smeco Industries, Inc. (hereinafter Smeco). In spite of the caption in this cause, only Smeco, Farmland Foods, Inc. (hereinafter Farmland) and Intercontinental Food Industries, Inc. (hereinafter IFI) are involved in this appeal. Farmland is in the appeal because it acquired title to the

property in question from the trustee, Chicago Title and Trust Company, and it is the entity affected by the circuit court order.

Smeco was granted leave to intervene in a mechanic's lien foreclosure suit brought by the plaintiff and asserted that its custom fabricated apparatus, machinery and equipment sold to IFI was so integrated into the manufacturing processes of the plant operated by IFI as to become an integral part of the realty.

The relevant facts in the case are basically undisputed. On February 8, 1972, Norman Chapman caused IFI to be incorporated in Illinois with the intent of creating an automated food processing business. On February 15, 1972, he purchased the real estate which is the subject of this mechanic's lien suit with the intention of converting an existing warehouse on the premises into IFI's operating plant. Title to the property was taken in Chicago Title and Trust Company as trustee under Trust No. 59326 and Chapman became the sole beneficiary of said trust until 1973 when he caused an assignment of 50 percent of the beneficial interest to his wife, Joan.

Chapman paid 1.3 million dollars for the property and spent more than 3 million dollars to convert it into a meat processing plant. On incorporation of IFI, Chapman issued 10,000 shares of voting common stock and 9,000 shares of nonvoting preferred stock. 2,000 shares of common stock were owned outright by Chapman and the remaining shares of common stock were held in a series of trusts with Chapman and/or his children as beneficiaries. Chapman and Edward Fine were co-trustees of those trusts. The 9,000 shares of preferred stock were held in trust with Joan Chapman as trustee and beneficiary of the trust. Chapman and Fine retained voting rights of the common stock held in the aforesaid trusts.

On May 5, 1972, Smeco contracted with IFI through Chapman to fabricate and deliver certain apparatus, equipment and machinery to be installed on the premises, all of which was completed and delivered to IFI on or before October 19, 1972. Smeco's apparatus, machinery and equipment was not standard, but was especially designed and fabricated to IFI specifications. To effect the conversion from warehouse to a food processing plant IFI made numerous alterations to the building to accommodate the various rooms, added plumbing, overhead rails, water and steam lines, electric outlets and all else necessary to accommodate and operate Smeco's machinery and equipment.

The total amount Smeco claimed from IFI for the machinery and equipment was $130,613.47. IFI paid Smeco $76,997.38, leaving a balance of $53,616.09. However, after considering all of the evidence the trial court allowed Smeco's claim for lien in the amount of $50,152.70, together with interest at 6 percent from the date of final decree and judgment. The

court also found that there was no just reason for delaying the enforcement of the decree or an appeal therefrom insofar as the decree establishes a lien against the premises in favor of Smeco.

OPINION

The sole issue to be determined by this court is whether the apparatus, machinery, and equipment supplied by Smeco, intervenor, and as installed by IFI, a former lessee of the premises, was lienable under the provisions of the Mechanic's Liens Act (Ill. Rev. Stat. 1971, ch. 82, pars. 1 through 39).

As hereinabove indicated, Smeco contends that the custom fabricated apparatus, machinery and equipment became so integrated into the manufacturing process of IFI as to become a part of the realty.

Defendant Farmland contends that even though custom fabricated, such apparatus, equipment and machinery were trade fixtures and, as such, not lienable. Farmland also contends that a lease between the landowner and tenant corporation providing for removal of the machinery in question defeated the lien claimant, even though the landowner owned and controlled the corporation, and was an officer and director in the corporation, provided all the financing for the corporation, and even though the lease terms were not even in existence at the time of the purchase and installation of the Smeco machinery and equipment.

Admittedly there was no written lease in existence until March, 1973, several months after Smeco had delivered its machinery and equipment to IFI. The Board of Directors of IFI had authorized Chapman to execute a lease of the premises for IFI's operations as early as March, 1972. There can be no doubt as to what premises Chapman would acquire for use by IFI. There are some suggestions that an oral lease existed between Chicago Title and Trust Company as trustee and IFI from the inception of the operation of IFI to the date of the written lease, but there is no evidence of the terms and, therefore, Smeco could not be bound thereby.

It is true that the written lease provided for removal of the Smeco equipment and machinery, but Smeco had completed delivery long before the lease was executed. We accordingly hold that Smeco is not bound by the terms of that lease. In so holding we reject the contentions of Farmland as above indicated.

The trial court found Chicago Title and Trust Company as trustee, Chapman as sole beneficial owner and IFI to be a single entity. We agree.

In this case the total evidence makes it abundantly clear that it was the intention of Chapman to permanently improve the property by the installation of Smeco's apparatus, machinery and equipment and intended that the Smeco equipment become a permanent and integrated part of the premises. As a matter of fact, the reconverted warehouse

purchased by Chapman could not function as a meat processing plant without the Smeco machinery and equipment and it is to be noted that Farmland continued to use the Smeco equipment after its acquisition of the property. Under such circumstances the cases in Illinois have held that a supplier of apparatus, machinery and equipment, such as was supplied by Smeco, is entitled to a mechanic's lien on the real property involved. (*Fifield v. Farmers' National Bank* (1893), 148 Ill. 163, 35 N.E. 802; *Joyner v. Mitchell* (1932), 267 Ill. App. 427; *Kenny v. T. L. Arzt Foundry Co.*, 308 Ill. App. 251, 31 N.E.2d 620.) The latter case quotes from *Joyner* as follows:

"If machinery is intended for permanent use in carrying on the business for which the building was erected or is used, and as a permanent accession to the realty, it becomes a part of the realty on being installed thereon, and if such was the intention, it is immaterial that the machines may be removed and used elsewhere, and that they may be removed without injury to the building. This rule has special application to heavy machinery intended for the building and not intended to be moved from place to place though resting in position by its own weight, and to machinery which is a constituent part of a factory or shop and indispensable thereto, though not actually fastened."

In light of the foregoing, the Decree granting the mechanic's lien on the real property involved in the amount of $50,152.72 is affirmed.

By way of cross-appeal Smeco seeks relief on matters not encompassed in the order of January 16, 1975, appealed from. Hence we believe the cross-appeal to be premature.

Accordingly, that part of the decree of January 16, 1975, granting a lien in favor of Smeco is affirmed and the cause is remanded to the circuit court for further proceedings consistent herewith.

Affirmed and remanded.

LORENZ, P. J., and DRUCKER, J., concur.